**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-19-0000883**
**31-MAY-2024**
**07:55 AM**
**Dkt. 188 SO**

NO. CAAP-19-0000883

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


DALE RODERIC LAURANCE and LYNDA EILEEN LAURANCE, Trustees of the Laurance Living Trust dated May 10, 1989, as restated; BRANDY NICHOLE LAURANCE, LISA G. YAMURA, FRANK GOMES, as Trustee of that certain unrecorded Frank Gomes Self-Trusteed Trust dated June 16, 1987, as amended, made by Frank Gomes as settlor and initial Trustee; BETTY DOI GOMES, as Trustee of that certain unrecorded Betty Doi Gomes Self-Trusteed Trust dated June 16, 1987, as amended, made by Betty Doi Gomes as settlor and initial Trustee; JOSEPH A. GOMES; KEITH A. GOMES; ROBIN W. LEDSON, Trustee of the Robin W. Ledson Revocable Living Trust Agreement dated September 12, 2001, as amended and restated; WAIAHA SYSTEM, LLC; KELLY F. GOMES; RANDALL J. GOMES; S. JOSEPH STANEK, Plaintiffs-Counterclaim Defendants-Appellants/Cross-Appellees,
v.
MAKANA ALOHA PLANTATION ASSOCIATION, a Hawaii nonprofit association; ALGIS K. RIMKUS, Co-Trustee under The Rimkus Family Revocable Living Trust dated January 31, 1995, as amended and restated, individually and as board member of MAKANA ALOHA PLANTATION ASSOCIATION; RICHARD L. SHELFORD, individually and as board member of MAKANA ALOHA PLANTATION ASSOCIATION; SUSAN W. BLAND, Co-Trustee of the Bland Family Revocable Trust dated and effective as of February 16, 2009, individually and as board member of MAKANA ALOHA PLANTATION ASSOCIATION; MATILDE M. RIMKUS, Co-Trustee under The Rimkus Family Revocable Living Trust dated January 31, 1995, as amended and restated3cc; HEIDI SHELFORD; H. ALLEN STUART, JR. and HYDI R. REDDICK STUART; BART BIAS and MARGOT BIAS; FRANK ORNELLAS, JR. and SUSAN McCALLA ORNELLAS; RONALD PAULK and CARA PAULK; YELLOW DOG INVESTMENTS, LLC, a Hawaii limited liability company, Defendants-Counterclaimants-Appellees/Cross-Appellants,
and
JEFFREY S. BLAND, Co-Trustee of the Bland Family Revocable Trust dated and effective as of February 16, 2009; ROBERT ALLAN JAMES, as Trustee under that certain unrecorded Robert Allan James Revocable Living Trust dated May 12, 2006 and SALLY ANN JAMES, as

Trustee under that certain unrecorded Sally Ann James Revocable Living Trust dated May 12, 2006; JAMES R. PETERS, Trustee of the James R. Peters Family Trust dated October 18, 2002; ESTELITA CASINO, as the "Trustee" dated November 5, 2009; SONNY NAKASHIMA and KIMOKO NAKASHIMA, CHARLES NAKASHIMA, THOMAS NAKASHIMA, JAMES NAKASHIMA, AMY NAKASHIMA, and BRENDA NAKASHIMA, Defendants-Appellees/Cross-Appellees,
and
JOHN DOES 1-10, JANE DOES 1-10, DOE CORPORATIONS 1-10, DOE PARTNERSHIPS 1-10, DOE JOINT VENTURES 1-10, DOE GOVERNMENTAL ENTITIES, INCLUSIVE, Defendants


APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(CASE NO. 3CC15100166K)


**SUMMARY DISPOSITION ORDER**
(By: Hiraoka, Presiding Judge, Wadsworth and Nakasone, JJ.)

This case involves a dispute between Hawaiʻi Island real property owners. **Iokepa Subdivision** is makai of Māmalahoa Highway. Makai of Iokepa Subdivision, mauka of Hienaloli-Kahului Road, is **Makana Aloha Plantation Subdivision**. Some lots in Iokepa Subdivision are closer to Hienaloli-Kahului Road than to Māmalahoa Highway. Some Iokepa Subdivision lot owners (**Iokepa Owners**)[1] claim an easement through Makana Aloha Plantation Subdivision to access Hienaloli-Kahului Road.

On May 23, 2016, a first amended complaint for declaratory and injunctive relief was filed. Certain owners of Iokepa Estates sued the Makana Aloha Plantation Association and the Makana Aloha Plantation Subdivision lot owners (**Makana Aloha Parties**).[2] Some of the Makana Aloha Parties counterclaimed. The

_____

[1]    Iokepa Owners are Dale Roderic Laurance, Lynda Eileen Laurance, Brandy Nichole Laurance, Lisa G. Yamura, Frank Gomes, Betty Doi Gomes, Joseph A. Gomes, Keith A. Gomes, Robin W. Ledson, Waiaha System, LLC, Kelly F. Gomes, Randall J. Gomes, and S. Joseph Stanek.

[2]    Makana Aloha Parties are the Makana Aloha Plantation Association, Algis K. Rimkus, Richard L. Shelford, Susan W. Bland, Jeffrey S. Bland, Robert Allan James, Sally Ann James, James R. Peters, Estelita Casino, Sonny Nakashima, Kimiko Nakashima, Charles Nakashima, Thomas Nakashima, James Nakashima, Amy Nakashima, Brenda Nakashima, Matilde M. Rimkus, Heidi Shelford, H. Allen Stuart, Jr., Hydi R. Reddick Stuart, Bart Bias, Margot Bias, Frank Ornellas, Jr., Susan McCalla Ornellas, Ronald Paulk, Cara Paulk, and Yellow
(continued...)

Circuit Court of the Third Circuit entered summary judgment for the Makana Aloha Parties on Iokepa Owners' amended complaint.[3] The court ruled that Iokepa Owners did not have an easement to access Hienaloli-Kahului Road through Makana Aloha Plantation Subdivision. The court awarded attorneys fees and costs to Makana Aloha Parties, and entered a Hawaiʻi Rules of Civil Procedure Rule 54(b)-certified **Final Judgment** on February 26, 2020.

Iokepa Owners appeal. They challenge the: **(1)** May 28, 2019 order granting summary judgment for Makana Aloha Parties; **(2)** December 4, 2019 order certifying the summary judgment as final and staying the counterclaims; and **(3)** December 4, 2019 order granting in part and denying in part Makana Aloha Parties' motion for attorneys fees and costs (the **Fee Order**). Makana Aloha Parties cross-appeal from the Final Judgment, also challenging the Fee Order. We affirm the Final Judgment in part (paragraph nos. 1 and 3), vacate in part (paragraph no. 2), and remand for further proceedings.

### IOKEPA OWNERS' APPEAL

**(1)** We review a grant of summary judgment de novo. Nozawa v. Operating Engineers Local Union No. 3, 142 Hawaiʻi 331, 338, 418 P.3d 1187, 1194 (2018). The parties agree there are no genuine issues of material fact. We must decide whether the claimed easement exists as a matter of law based on the evidence presented to the circuit court.

"An easement is a nonpossessory right to enter and use land in the possession of another . . . ." Malulani Grp., Ltd. v. Kaupo Ranch, Ltd., 133 Hawaiʻi 425, 434, 329 P.3d 330, 339 (App. 2014) (emphasis omitted). The dominant estate has the right of use; the servient estate is burdened by the use.

---

[2](...continued)
Dog Investments, LLC.

[3]     The Honorable Robert D.S. Kim presided.

Lalakea v. Hawaiian Irrigation Co., 36 Haw. 692, 704 (Haw. Terr. 1944).

    **(a)**  Express easement.

> ***Persons in possession of property may create express easements*** by grant, for a consideration or by gift, transferring away the right or rights represented by the easement to another. ***The person creating the easement must intend to create such an interest*** and ***observe the proper formalities*** in the local jurisdiction ***for transferring property*** by grant or by devise.

Ass'n of Apartment Owners of Wailea Elua v. Wailea Resort Co., 100 Hawai'i 97, 122, 58 P.3d 608, 633 (2002) (Ramil, J., concurring) (emphasis added) (cleaned up) (quoting Thompson on Real Property § 60.03(a)(1) at 405 (Thomas ed., 1994 & Supp. 2000)).

The land that eventually became Iokepa Subdivision and Makana Aloha Plantation Subdivision was once owned by the **Gomes Family** Limited Partnership. In 1998, Gomes Family applied to Hawai'i County to subdivide the land into 15 lots. The County tentatively approved a preliminary plot map subject to several conditions, including:

> 9.    For the subdivision roadway, construct 20-ft. wide agricultural pavement within a minimum 50-ft. width right-of-way conforming to Standard Detail R-39.

Gomes Family asked for a variance from condition no. 9. It explained:

> The purpose of this subdivision is to move the property from the trust ownership to twelve (12) individual heirs that will own lots #4 - #15. The proposed roadway will serve these twelve lots. Lots #1-#3 will have direct access off of Hienaloli-Kahului Road.
>
> . . . .
>
> The proposed street will serve twelve family agricultural lots with standard pavement with grass swales. The roadway will provide safe access and will eliminate unnecessary grading and land disruption that would exacerbate drainage issues and be less pleasing aesthetically.

4

On June 7, 2000, the County approved the variance for "12[]lots of a 15-lot subdivision[.]"  The road was built and provides the 12 lots in Iokepa Subdivision with access to Māmalahoa Highway.

On September 1, 2000, the Gomes Family deeded the land to **Iokepa Estates LLC**.  The County granted final subdivision approval on September 17, 2002.  Iokepa Subdivision and Makana Aloha Plantation Subdivision were severed when Iokepa Estates LLC transferred Lots 1-3 to **Iokepa Makai, LLC** by **Warranty Deed**, recorded on January 7, 2003.  The deed stated:

> DESCRIPTION OF PROPERTY:
>
> The property covered by this Warranty Deed is described in Exhibit "A" attached to this document.
>
> . . . .
>
> SELLER'S WARRANTIES:
>
> By signing this Warranty Deed, [Iokepa Estates LLC] gives [Iokepa Makai, LLC] a general warranty of title as to their interest.  This means that [Iokepa Estates LLC] guarantees:
>
> . . . .
>
> (c)   That there are no other claims by any person against the property or the other rights being sold and no other person has any rights in the property unless those claims or rights are described in Exhibit "A" under the title "SUBJECT TO[.]"

Exhibit A contained metes and bounds descriptions of Lots 1, 2, and 3, stamped by licensed professional land surveyor Chrystal Thomas **Yamasaki.**  Exhibit A concluded:

> SUBJECT TO, however, the following:
>
> (1)   Reservation in favor of the State of Hawaii of all mineral and metallic mines.

Exhibit A did not acknowledge an easement burdening Lots 1, 2, or 3.  Iokepa Owners do not contend that Iokepa Estates LLC burdened Lots 1, 2, or 3 with an easement to benefit Lots 4-15 when the land ownership was severed.

During January, 2003, Iokepa Makai, LLC applied to the County to consolidate Lots 2 and 3 and re-subdivide them into 16 lots that would become Makana Aloha Plantation Subdivision.[4]  The County gave tentative subdivision approval on June 3, 2003, subject to several conditions including:

> 10.  For the proposed Access Easement A-1, construct minimum 20-ft. wide dedicable pavement with paved shoulders and swales, within a minimum 50-ft. wide right-of-way meeting with the approval of the Department of Public Works (DPW).
>
> 11.  Construct dedicable turnaround meeting with the approval of the DPW.

On June 27, 2003, Iokepa Makai, LLC applied for a variance from conditions 10 and 11.  It explained:

> The purpose of this subdivision is to develop the three existing parcels into sixteen (16) single family residential 1-acre or larger lots.  The proposed roadway will serve fourteen of these sixteen lots.  Lots 3-A and 3-B will have direct access off of Heinaloli-Kahului [sic] Road.
>
> . . . .
>
> . . . For Condition No. 10, the applicant is seeking to construct a private road with a gated entry, using 20-ft. wide asphalt paving with inverted swales and 6-ft. wide grass shoulders in a 32-ft wide excavation within a 50-ft. wide right-of-way. . . .  For Condition No. 11, the applicant is seeking to use the same private-road standard turnaround but not to be dedicable since there is no plan for any future subdivision off of it.  See the accompanying drawings for reference.
>
> . . . .
>
> ***The proposed gated private road will serve fourteen family agricultural lots*** with 20-ft pavement with 6-ft grass shoulders.  The roadway will provide safe access and will eliminate unnecessary grading and land disruption that would exacerbate drainage issues and be less pleasing aesthetically.
>
> The applicant believes this roadway standard is consistent with neighboring properties and the agricultural character of the area.  ***The roadway runs only into this subdivision and will not affect neighboring properties***.

---

[4]      The applicant's name is shown as Iokepa Estates LLC, but this appears to have been a mistake because Iokepa Makai, LLC owned Lots 2 and 3 when the subdivision application was submitted.

(Emphasis added.)

The application did not state that the proposed roadway would also serve Iokepa Subdivision.  On January 28, 2004, the County approved the variance.  The approval stated:

> ***based on the representations made by the applicants and evaluation of the current traffic patterns***, the applicant's alternative access and private roadway improvements to and within the subdivision, the Planning Director has concluded that the DPW roadway requirements and tentative subdivision approval conditions dated June 3, 2003 should be revised and modified to allow the proposed 16-lot subdivision development.

(Emphasis added.)

The proposed road became Pu Hoaloha Place.  Pu Hoaloha Place runs over Makana Aloha Plantation Subdivision easement A-1.  It ends in a turnaround.  A private **Driveway** for the two mauka-most lots served by Pu Hoaloha Place runs off the turnaround, over Makana Aloha Plantation Subdivision easement A-2.

During March and April 2004, Iokepa Makai, LLC granted easements to Hawaii Electric Light Company, Verizon Hawaii, and the County Water Board.  The County granted final subdivision approval for Makana Aloha Plantation Subdivision on April 23, 2004.  On April 28, 2004, Yamasaki recorded an affidavit in the Bureau of Conveyances.  Exhibit A to Yamasaki's affidavit was the final subdivision approval.  Exhibit B was the approved final subdivision plat map.  Exhibit C contained metes and bounds descriptions for the 16 lots and easements A-1 and A-2, among others.  None of the easement descriptions or headings mention Iokepa Subdivision.

Midday on May 6, 2004, Roger **Rule** emailed Yamasaki. The subject read: "Makana Aloha Plantation ('Easements in Favor of' revisions)[.]"  Attached to the email was "a one-page Word document with the Easements listed[.]"  The email ended: "Dan is hoping you can get the changed Legal Descriptions to Matt before you leave."  Yamasaki emailed Rule that night saying she'd completed the requested revisions.  Those revisions form the

basis for Iokepa Owners' claim that "an express, or at least an implied, easement" was created for their benefit.

About Rule's requested revisions, Yamasaki testified:

> Q.     Now, we're looking at page 87.  That's how it's marked.  It's the description, a portion of the description attached to the declaration of covenants.  Did you draw -- strike that.
> Did you draft the language stated in this document describing Easement A-1?
>
> A.     Yes.

Yamasaki was testifying about the metes and bounds description for easement A-1 attached to the "DECLARATION OF PROTECTIVE COVENANTS, CONDITIONS, AND RESTRICTIONS FOR MAKANA ALOHA PLANTATION[.]"  The heading on the first page stated:

EASEMENT "A-1"
FOR ACCESS AND UTILITY PURPOSES
OVER AND ACROSS LOTS 2-A, 2-D, 2-L, 2-K, 3-C AND 3-E
AND AFFECTING LOTS 2-B, 2-C AND 3-D
IN FAVOR OF LOTS 1, 2-A, 2-B, 2-C, 2-D, 2-E, 2-F, 2-G, 2-H, 2-J, 2-K
2-L, 3-C, 3-D AND 3-E OF MAKANA ALOHA PLANTATION
***ALSO IN FAVOR OF LOTS 4 THRU 15, INCLUSIVE OF IOKEPA ESTATES SUBDIVISION***
LOT 6-B (aka TMK: 7-5-016: 036 (3rd Division)
AND TMK: 7-5-016: 028 (3rd Division)

(Emphasis added.)

Yamasaki explained:

> Q.     Where did you get the information about what Easement A-1 was created to benefit?
>
> A.     Part of it is because it affects [Makana Aloha Plantation Subdivision], and part of it we had a memo of instruction from one of Dan Bolton's staff people, Roger Rule.  He had clarified easements and how they were to be in favor of different lots.
>
> Q.     So you weren't looking at a grant of easement at that time or any recorded documents in creating the language concerning the benefit of this easement?
>
> A.     No.

Iokepa Makai, LLC recorded the Declaration on May 13, 2004.  It contained these provisions:

> 1.8     Roadway Easement.  "Roadway Easement" is referred to on the Tentative Map as Easement A-1 which is

recorded as Easement A-1 of the original IOKEPA SUBDIVISION (Lots 1-15) SUB 98-054,[5] and the Improvements (including dry wells and other drainage facilities, utility boxes, equipment and facilities, and landscaping) located thereon or therein, except any apron or other paved area constructed solely for the purpose of providing access from such Roadway Easement to any Lot.[6]

. . . .

2.1 <u>Use Limitations.</u> . . . DISCLOSURE: [Iokepa Makai, LLC] hereby notifies all lot owners and future lot owners of MAKANA ALOHA PLANTATION, that:

a) [Iokepa Makai, LLC] is the owner of Lot 2-G and the adjacent parcel to the north, TMK (3) 7-5-16:36, and together with TMK (3) 7-5-16:28 owned by Issmi [sic] Koga et al, [sic] may consolidate and resubdivide said three parcels and to that end, [Iokepa Makai, LLC] reserves the right to grant easements for access and utility purposes ***in favor of such new lots*** through the roadway lot of MAKANA ALOHA PLANTATION, exclusive and regardless of any voting percentages of the lot owners of MAKANA ALOHA PLANTATION.

(Emphasis added.)

A condominium declaration can create an easement. <u>Grinpas v. KAPAA 382, LLC</u>, No. 30139, 2012 WL 503818, at *8 (Haw. App. Feb. 15, 2012) (citation omitted).

An easement is created if the owner of the servient estate either enters into a contract or makes a conveyance intended to create a servitude that complies with the Statute of Frauds or falls within an exception to the Statute of Frauds.

As a general rule, to constitute a grant of an easement, any words clearly showing the intention to grant an easement are sufficient. The intent to grant an easement must be so manifest on the face of the instrument, however, that no other construction can be placed on it. Thus, to create an

---

[5] This was probably another mistake, because SUB 98-054 created easement A-1 to Mamalahoa Highway for Iokepa Subdivision Lots 4-15. Lots 1-3 had direct access to Hienaloli-Kahului Road. Makana Aloha Plantation Subdivision's easement A-1 to Hienaloli-Kahului Road was created by Iokepa Makai, LLC in SUB 2003-0011.

[6] The Declaration defined "Lot" as:

each of the subdivided Lots in MAKANA ALOHA PLANTATION as shown on any maps filed with the County of Hawaii and for which final subdivision approval has been received, together with all rights and Improvements appurtenant thereto and all Improvements located thereon.

> easement by express grant, there must be a writing containing plain and direct language evincing the grantor's intent to create a right in the nature of an easement[.]

Id. at *7-8 (quoting 25 Am.Jur.2d Easements and Licenses § 15 (2004) (mem. op.)).

Makana Aloha Plantation Subdivision's Declaration does not contain language granting an easement to any lot in Iokepa Subdivision.  Iokepa Makai, LLC knew how to create an easement; it previously granted easements burdening Makana Aloha Plantation Subdivision to Hawaii Electric Light Company, Verizon, and the County's Water Board.  The Declaration did not "observe the proper formalities in the local jurisdiction for transferring property by grant or by devise."  Ass'n of Apartment Owners of Wailea Elua, 100 Hawai‘i at 122, 58 P.3d at 633.  The heading for the easement descriptions appended to the Declaration, all drafted by Yamasaki, were based on the list emailed to her by Rule shortly before the Declaration was recorded.  The headings do not contain language *granting* an easement to any lot in Iokepa Subdivision.  They were acknowledgments of what Yamasaki had been told by Rule were easements.  See Grinpas, 2012 WL 503818, at *6 ("An acknowledgment in a deed of the existence of an easement is not equivalent to an intent to create an easement." (italics omitted) (quoting 25 Am.Jur.2d Easements and Licenses § 15 (2004)).

Iokepa Owners acknowledge that "Yamasaki's testimony was that her Subdivision Affidavit and metes and bounds descriptions of [Makana Aloha Plantation Subdivision] Lots and Easements, 'are not themselves grants of easement.'"  They rely on a declaration Yamasaki signed on February 22, 2017, stating:

> 14.   In my expert opinion, and with a reasonable professional certainty **as a Hawaii Licensed Professional Land Surveyor** and, the surveyor of the Makana Aloha Plantation subdivision, Easements "A-1" and "A-2" contained in Exhibits "A" to the recorded Declaration and Warranty Deed, indicate that the owners of Lots 4 through 15 of the Iokepa Estates subdivision have access (and for utility purposes) through the Makana Aloha Plantation subdivision to Hienaloli-Kahului Road.

(Emphasis added.)

Yamasaki was not competent to render such an opinion. See Santos v. Perreira, 2 Haw. App. 387, 393, 633 P.2d 1118, 1124 (1981) (holding that "persons expert in the field of survey . . . are not expert in the fields of easement, highway, and conveyancing law, which they must be in order to render an expert opinion on the questions whether the road is legally a public road or whether the Santoses are legally entitled to a right-of-way") (footnote omitted). Her opinion is inadmissible under Hawaii Rules of Evidence Rule 702 (2016). We decline to consider it in our de novo review of the summary judgment order.

Iokepa Owners argue that Declaration paragraph 4.2 shows Iokepa Makai, LLC created an easement by recording the Declaration. Paragraph 4.2 states, in part:

> [Iokepa Makai, LLC] **has granted** right of access to or over the Roadway Easement to the Owner of other properties other than Lots located within MAKANA ALOHA PLANTATION.

(Emphasis added.)

Paragraph 4.2 acknowledged an *existing* easement not reflected in the record for this appeal. It does not state that Iokepa Makai, LLC *grants* or *is granting* an easement to anyone by recording the Declaration.

We conclude that the headings of the metes and bounds description for easements A-1 and A-2 attached to the Declaration did not create easements allowing Iokepa Owners to access Hienaloli-Kahului Road through Makana Aloha Plantation Subdivision. There is no other evidence in the record to support Iokepa Owners' claim to have an express easement.

**(b)** Implied easement. Iokepa Owners argue the heading for the metes and bounds descriptions of easements A-1 and A-2 created "at least an implied[] easement[.]" They cite no legal authority for when an implied easement may be recognized. They make no other discernible argument. Their points of error on

11

this issue are waived.  See Hawaiʻi Rules of Appellate Procedure (**HRAP**) Rule 28(b)(7) ("Points not argued may be deemed waived.").

**(2)**  Iokepa Owners' points of error do not identify the circuit court's December 4, 2019 order certifying the summary judgment as final and staying the counterclaims.  Nor do they present any discernible argument that the circuit court erred by certifying Makana Aloha Parties' summary judgment as final and staying the counterclaims.  We disregard these issues, which are waived.  See HRAP Rule 28(b)(4) ("Points not presented in accordance with this section will be disregarded[.]") and (7).

**(3)**  Iokepa Owners' points of error do not identify the circuit court's December 4, 2019 Fee Order.  Nor does their opening brief present any discernible argument that the circuit court erred by granting Makana Aloha Parties' motion for attorneys fees and costs.  We disregard these issues, which are waived.  See HRAP Rule 28(b)(4) and (7).

### MAKANA ALOHA PARTIES' CROSS-APPEAL

Makana Aloha Parties' attorneys fee motion cited HRS §§ 607-14 and 421J-10.  They requested $600,092.49 in fees and $18,078.69 for costs.  The circuit court awarded $150,023.12 in fees (25% of the amount requested) and $14,531.22 for costs.  We review for abuse of discretion.  Chun v. Bd. of Trs. of the Emps. Ret. Sys. of State, 106 Hawaiʻi 416, 431, 106 P.3d 339, 354 (2005).

**(1)**  Makana Aloha Parties contend the circuit court erred by applying HRS § 607-14's 25% limitation.  HRS § 607-14 (2016) provides, in part:

> The court shall then tax attorneys' fees, which the court determines to be reasonable, to be paid by the losing party; ***provided that this amount shall not exceed twenty-five per cent of the judgment.***
>
> . . . .
>
> The above fees provided for by this section shall be assessed . . . upon ***the amount sued for if the defendant obtains judgment.***

12

(Emphasis added.)

The circuit court awarded Makana Aloha Parties 25% of the amount of attorneys fees requested, rather than 25% of "the judgment" or "the amount sued for."  The court acted outside of its discretion by misapplying the plain language of HRS § 607-14.

Iokepa Owners' amended complaint sought a declaration that an easement burdened Makana Aloha Plantation Subdivision for Iokepa Owners' benefit, and an injunction against future interference.  HRS § 607-14's 25% limitation does not apply to such claims.  See DFS Grp. L.P. v. Paiea Props, 110 Hawaiʻi 217, 221, 131 P.3d 500, 504 (2006).

Makana Aloha Parties also argue that the 25% limitation does not apply because HRS § 607-14 provides:

> Nothing in this section shall limit the recovery of reasonable attorneys' fees and costs by **a planned community association and its members** in actions for . . . the **enforcement of any provision of the association's governing documents**, or affect any right of a prevailing party to recover attorneys' fees in excess of twenty-five per cent of the judgment **pursuant to any statute that specifically provides that a prevailing party may recover all of its reasonable attorneys' fees**.  "Planned community association" for the purposes of this section means a nonprofit homeowners or community association existing pursuant to covenants running with the land.

(Emphasis added.)

Makana Aloha Parties are "a planned community association and its members" within the meaning of HRS § 607-14. Iokepa Owners' January 14, 2019 motion for partial summary judgment sought to invalidate the First Amendment to Makana Aloha Plantation Subdivision's Declaration.  Thus, the reasonable attorneys fees and costs incurred by the Makana Aloha Parties to defend the enforceability of the Declaration is not subject to the 25% limitation.

> HRS § 421J-10 (2004) provides:
>
> (a)    All costs and expenses, including reasonable attorneys' fees, incurred by or on behalf of the association for:
>
>      . . . .
>
>      (3)  ***Enforcing any provision of the association documents*** or this chapter; against . . . ***any other person who in any manner may use the property***, shall be promptly paid on demand to the association by such person or persons[.]

(Emphasis added.)

Makana Aloha Plantation Association is an "association" within the meaning of HRS § 421J-10.  See HRS § 421J-2 (2004). Iokepa Owners are persons "who in any manner may use the property" because they claimed a right to use an easement burdening the property and sought to invalidate the First Amendment to Makana Aloha Plantation Subdivision's Declaration. The 25% limitation of HRS § 607-14 does not apply to Makana Aloha Plantation Association's claim for attorneys fees under HRS § 421J-10.

**(2)**  Makana Aloha Parties contend the circuit court erred "by reducing the costs award without adequate explanation." "The award of a taxable cost is within the discretion of the trial court and will not be disturbed absent a clear abuse of discretion." Wong v. Takeuchi, 88 Hawaiʻi 46, 52, 961 P.2d 611, 617 (1998) (citation omitted).  "[T]he court may not deny costs to the prevailing party without explanation, unless the circumstances justifying denial of costs are plain from the record." Id. (citations omitted).

Ashford & Wriston (**A&W**) sought costs of $10,768.78, based on costs actually paid by its clients.  Its documentation shows $2,877.94 for "Westlaw-Research" but shows "0" paid by the clients.  The Fee Order shows a "Deduction for Westlaw" of $2,877.94.  This was error because the $10,768.78 amount claimed did not include the $2,877.94 that was not paid by the clients. The circuit court further reduced A&W's costs by $81.25, without

14

explanation. Iokepa Owners say that amount was "for mileage and service of [s]ubpoena." This cost is allowed under HRS § 607-8 (2016). The circuit court acted outside its discretion by reducing A&W's costs.

**Case** Lombardi & Pettit sought costs of $6,412.17. The circuit court reduced the costs by $9.00, without explanation. Iokepa Owners say the reduction was for general excise tax. Hawaiʻi general excise taxes are recoverable as costs under HRS § 607-9 (2016). JST v. TAP, No. CAAP-20-0000014, 2021 WL 4026721, at *6 (Haw. App. Sept. 3, 2021) (SDO). The circuit court acted outside its discretion by reducing the Case firm's costs.

Alan H. Tuhy sought costs of $445.26. The circuit court reduced the costs by $126.80, without explanation. Iokepa Owners say that $78.13 was for "Service Fees." This cost is allowed under HRS § 607-8. $33.00 was for copying documents from the Bureau of Conveyances. This cost is allowed under HRS § 607-9(b). The circuit court acted outside its discretion by making these reductions. But $15.67 was for Brickdata Document Service, a messenger service. That reduction was not error because messenger fees are not recoverable as costs. See Cnty. Of Haw. v. C&J Coupe Fam. Ltd. P'ship, 120 Hawaiʻi 400, 409, 208 P.3d 713, 722 (2009).

Stephen D. Whittaker sought costs of $452.48. The circuit court awarded him no costs; it did not explain why. Iokepa Owners argue: "Mr. Whittaker's costs were not clear as to charges." That appears to be true as to many items on Exhibit 3 to the motion. "Print" appears many times; it is not clear whether this refers to the cost of copying the listed documents. "Transmittal" also appears many times; it is not clear whether this refers to the cost of postage. But copying and postage costs are recoverable under HRS § 607-9, and the words *copy, copies, mail*, and *mailing* appear 22 times in Exhibit 3. "Not only must the court explain its reasons for denying costs to the prevailing party, but the reasons given must also be adequate."

<u>Wong</u>, 88 Hawaiʻi at 52, 961 P.2d at 617 (citation omitted).  The circuit court acted outside its discretion by awarding Whittaker no costs without explaining why in the Fee Order.

**<u>CONCLUSION</u>**

The February 26, 2020 "Final Judgment" is affirmed in part as to paragraph nos. 1 and 3 and vacated in part as to paragraph no. 2.  The December 4, 2019 Fee Order is vacated.  This case is remanded for proceedings consistent with this summary disposition order.

DATED: Honolulu, Hawaiʻi, May 31, 2024.

On the briefs:

Francis L. Jung,
Carol Monahan Jung,
David H. Lawton,
for Appellants/Cross-Appellees.

Wayne Nasser,
Benjamin M. Creps,
for Appellees/Cross-Appellants.

John D. Zalewski,
Michelle J. Chapman,
for Appellees/Cross-Appellants.

/s/ Keith K. Hiraoka
Presiding Judge

/s/ Clyde J. Wadsworth
Associate Judge

/s/ Karen T. Nakasone
Associate Judge